## W. S. RINGGOLD v. COURTLAND RHODES ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued January 20, 1890—Decided February 3, 1890.

In an action by a real estate broker to recover commissions, evidence as to
whether the plaintiff's services were rendered in negotiating a loan di-
rectly upon a mortgage of defendants' ground rents, or one upon the
note of defendants secured by such mortgage, having been submitted,
the question as to the nature of the services and the amount of compen-
sation recoverable was not a question of law, but a question of fact for
the jury.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 138 July Term 1889, Sup. Ct.; court below, No. 81 De-
cember Term 1887, C. P. No. 2.

To the number and term of the court below, William S.
Ringgold brought assumpsit against Courtland Rhodes and
William Rhodes to recover commissions for the negotiation of
a loan. Issue.

At the trial on February 21, 1889, the plaintiff adduced tes-
timony tending to show that on October 6, 1887, one of the
defendants called upon the plaintiff, a licensed real-estate bro-
ker, and stated that they owned $34,000 in ground rents, val-
ued at $61,000, and desired him to secure a loan of from $30,000
to $32,000, for a period of from three to six months, the loan
to be secured by a mortgage upon said ground rents; that the
plaintiff negotiated a loan in the sum of $30,000 to be so se-
cured, and that the defendants refused to accept the loan thus
made. The plaintiff therefore claimed that he was entitled to
receive from defendants the sum of $300 commissions as a
real-estate broker.

The defendants adduced testimony from which it was claimed
that the negotiation authorized was not for a loan upon a mort-
gage of the ground rents, but upon a note of defendants se-
cured by such mortgage as collateral, and that therefore the

Charge of Court below.

plaintiff was not entitled to recover a commission of one per cent as upon a real-estate transaction, but only a commission of one fourth of one per cent, the usual note-brokers' commission.

At the close of the testimony, the court, PENNYPACKER, J., charged the jury:

The plaintiff in this case is licensed to transact business as a real-estate broker. The question of the character of his business as a real-estate broker is to be determined by the custom of the trade.

I have been requested to instruct you, as a matter of law, that a real-estate broker is not entitled to charge the commissions claimed by the plaintiff in a transaction such as he has detailed in his testimony, but I decline to give you that instruction. [The nature of the business the plaintiff transacts depends upon what is customary in that business; and it is your duty to determine from the evidence whether real-estate brokers are in the habit of dealing in transactions relating to loans upon mortgages as collaterals for bonds or notes, and, if you so find, then the transaction involved in this case would seem to come within the province of the business followed by the plaintiff.] [1]

The witnesses for the plaintiff testified to his having been engaged in similar transactions, so that there is evidence in the case from which you may find that the plaintiff, in the course of this transaction, was dealing with it as a real-estate broker. The only remaining question therefore to be considered, has reference to the amount of commissions the plaintiff was entitled to charge for his services. The testimony is conflicting upon this point, as well as in regard to the nature of the transaction itself.

The plaintiff testified that the defendant, William Rhodes, came to him and asked him to negotiate a loan upon a mortgage on some ground rents, and that there was nothing said about a note at the time. The defendant, however, testified that the transaction was one in which the loan was to be negotiated upon a note with a mortgage as collateral security. There was evidence given in behalf of the plaintiff that the ordinary commission for the negotiation of a loan upon a

mortgage, as he claims was the nature of this transaction, is one per cent. In fact, all the real-estate brokers examined as witnesses, with one exception, testified that one per cent is the usual rate of commission in such transactions; but the note-brokers called by the defendants testified that the ordinary rate of commission charged in a transaction based upon a note with a mortgage as collateral, is one quarter of one per cent. Mr. DeHaven, a real-estate broker, was the exception to the other real-estate brokers examined, and he testified that the usual rate charged in a transaction, where a loan upon a mortgage on ground rents was negotiated, is one quarter of one per cent. The question as to the proper amount of commission the plaintiff was entitled to charge in this transaction, is therefore for your determination.

There is no doubt that services in the negotiation of a loan for the defendants were actually rendered by the plaintiff, for the defendants admit that fact; and therefore, the plaintiff, if the transaction was within the line of his business, is entitled to recover a certain amount of commission for those services; so that it becomes your duty to determine whether that amount is to be one per cent, as the real-estate brokers testify, or one quarter of one per cent, in accordance with the testimony for the defendant.

I have been requested by the defendants to instruct you:

1. If the loan in question was a loan on a note or notes, with the mortgage on the ground rent as collateral, it was not a real-estate transaction, and the plaintiff is not entitled to a commission of one per cent, and the verdict should be for the defendants.

Answer: I decline to instruct you, as a matter of law, that the transaction in this case was not a real-estate transaction.[2]

2. If the defendants employed plaintiff to make a loan on a note or notes, using the mortgage as collateral, even if the plaintiff understood it to be a loan on the mortgage, he cannot recover, and the verdict should be for the defendants.

Answer: I refuse to affirm this point.[3]

3. The plaintiff claims his commission as a real-estate broker. To entitle him to recover, he must show it was a real-estate transaction, and if the evidence shows it was a loan on a note with a mortgage as collateral, or if it was a loan with the

mortgage as collateral, and was not a real-estate transaction, the plaintiff cannot recover, and the verdict should be for the defendants.

Answer: I refuse to affirm this point.[4]

4. Under all the evidence, the verdict should be for the defendants.

Answer: I refuse to affirm this point.[5]

—The jury returned a verdict in favor of the plaintiff for $300. Judgment having been entered, the defendants took this appeal assigning for error:

1. The portion of the charge embraced in [ ] [1]

2-5. The answers to defendants' points.[2 to 5]

*Mr. Samuel Gustine Thompson*, for the appellants.

Counsel cited: Chadwick v. Collins, 26 Pa. 138; Rickert v. Madeira, 1 R. 325; Craft v. Webster, 4 R. 250; Scott v. Sample, 5 W. 53; Wilson v. Schoenberger, 31 Pa. 295.

*Mr. J. B. Colahan, Jr.*, for the appellee.

PER CURIAM:

The learned judge below submitted to the jury the questions of the nature of the plaintiff's business and the amount of compensation, if any, to which he was entitled. It would have been error to have ruled either as a question of law.

Judgment affirmed.